UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TYHEEM Y. KEESH,

                Plaintiff,

-against-

QUANDERA QUICK, INMATE GRIEVANCE PROGRAM SUPERVISOR; J.P. FRANCO, CORRECTION OFFICER; SAVALTORE P. GREGORY, CORRECTION OFFICER; D. RODRIGUEZ, CORRECTION OFFICER; B. BODGE, CORRECTION LIEUTENANT; S.A. COUGHLIN, CORRECTION LIEUTENANT; R. WILLIAMS, CORRECTION LIEUTENANT; MICHAEL BARNES, CORRECTION CAPTAIN/ACTING DEPUTY SUPERINTENDENT OF SECURITY; MICHAEL CAPRA, SUPERINTENDENT; MARK ROYCE, FORMER DEPUTY SUPERINTENDENT OF SECURTY; SHELLEY MALLOZZI, INMATE GRIEVANCE PROGRAM DIRECTOR; REBECCA A. LOREN, INMATE GRIEVANCE PROGRAM COORDINATOR; AND JOHN/JANE DOE(S), INDIVIUALLY AND IN THEIR OFFICIAL CAPACITIES,

                Defendants.

19-CV-8942 (KMK)

ORDER OF SERVICE

---

KENNETH M. KARAS, United States District Judge:

Plaintiff, currently incarcerated in Sing Sing Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights. *See* Complaint ("Compl.") (Dkt. No. 1).

By order dated December 4, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).[1] Although 28 U.S.C. § 1915(g) bars

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

Plaintiff from proceeding without prepayment of the filing fee unless he is in imminent danger of serious physical injury, *see* ECF No. 9 (listing cases), the Court concludes after reviewing the declaration, (ECF No. 10) that he has adequately alleged imminent danger. *See, e.g.*, *Chavis v. Chappius*, 618 F.3d 162, 169 (2d. Cir. 2010) ("[T]he feared physical injury must be serious," but courts "should not make an overly detailed inquiry into whether the allegations qualify for the exception, because § 1915(g) concerns only a threshold procedural question, while [s]eparate PLRA provisions are directed at screening out meritless suits early on.") (citations and quotations omitted).

## DISCUSSION

### A. Service on Defendants

Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the

2

information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants J.P. Franco, Correction Officer; Salvatore P. Gregory, Correction Officer; D. Rodriguez, Correction Officer; B. Bodge, Correction Lieutenant; S.A. Coughlin, Correction Lieutenant; R. Williams, Correction Lieutenant; Michael Barnes, Correction Captain/Acting Deputy Superintendent of Security; Michael Capra, Superintendent; Mark Royce, Former Deputy Superintendent of Security, Quandera Quick, Inmate Grievance Program Supervisor; Shelley Mallozzi, Inmate Grievance Program Director; and Rebecca A. Loren, Inmate Grievance Program Coordinator, through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these Defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these Defendants.

Plaintiff must notify the Court in writing if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so.

B. John/Jane Doe(s)

Plaintiff names "John/Jane Doe(s)" in the caption of his complaint, but he pleads only a single speculative allegation (and does so "on information and belief") concerning these Defendants. In particular, Plaintiff alleges that after he "gave his grievance to Sgt. Claudio, John and/or Jane Doe(s) contacted lieutenants, Sgt. Davis, and/or Franco, [and] Franco was encouraged directed and/or instructed to write [and identify Plaintiff in] a misbehavior report." (Compl. ¶ 36.) A *pro se* litigant is entitled, under *Valentin v. Dinkins,* to assistance from the

3

district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). However, this entitlement is limited to those cases where the litigant's *pro se* status, and often his incarceration, precludes him from discovering the identity of the relevant defendant. *Id* at 75. Here, however, the very existence of such a defendant appears to be based on speculation, and Plaintiff's speculative allegation against Doe(s) does not supply sufficient information that would allow for their identification. Thus, the Court declines at this time to issue a *Valentin* order as to these unidentified Defendants but will revisit the matter at a later date, if necessary.

C. Emergency Injunctive Relief

Plaintiff has also filed a motion requesting preliminary injunctive relief. (Mot. for Preliminary Injunction and Temporary Restraining Order (Dkt. No. 5); Aff. In Supp. Of Mot. ("Aff") (Dkt. No. 6).) In particular, Plaintiff seeks an order (1) directing his transfer from Housing Block "B" to Housing Block 7; (2) restraining Defendants from hindering him from performing his duties as an "Inmate Grievance Program Committee ("IGPC") Representative; (3) directing that he be granted a daily "IGRC Movement Pass"; and (4) directing that IGRC elections be held in a verifiable manner. (Aff. ¶ 1.)

To obtain such relief, Plaintiff must show: (1) that he is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of his case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F. 3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2000). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion."

4

*Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

At this early stage, the Court finds that Plaintiff has failed to meet this legal standard. First, Plaintiff's affirmation fails to provide specific factual allegations supporting his contention that Defendants were motivated by discriminatory intent. Conclusory allegations of "bias[] and discrimination," (Compl. ¶ 75,) are insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Similarly, the harms for which Plaintiff seeks injunctive relief (a housing transfer and the denial of certain privileges associated with the IGPC) are unlikely to be cognizable due process violations. *See Ortiz v. McBride*, 380 F.3d 649, 654 (2d Cir. 2004) ("Prison discipline implicates a liberty interest when it imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." (quotation marks omitted).)[2] Accordingly, Plaintiff's allegations fail to show (1) a likelihood of success on the merits, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation. Plaintiff's request for preliminary injunctive relief is therefore denied without prejudice to renewal at a later date.

D. Request for Counsel

Although there is not a constitutional right to counsel in civil cases, the Court has the authority to appoint counsel for indigent parties. *See* 28 U.S.C. § 1915(e)(1). Yet, "[b]road

---

[2] Although Plaintiff avers that he is "being tortured in HBB," (Aff. ¶ 22,) Plaintiff alleges no specific acts of torture. Rather, his Complaint simply states that "[i]n HBB it is hostile, violent, provocative, threatening, lowly, anti-therapeutic, uncivil, unusual and considerable suffering, the smell of drugs, K-2 and marijuana, and cigarette smoke permeates throughout housing block, subjecting all who are there to secondhand smoke daily. It is similar in HBA. It is a living torture." (Compl. ¶ 66 n.10.) Insofar as Plaintiff's description is specific, his allegation does not establish "an unreasonable risk of serious damage to his or her future health," *Darnell v. Pineiro*, 849 F.3d 17, 20 (2d Cir. 2017), much less "torture." Otherwise, the allegation is "conclusory" and therefore unlikely to succeed. *Iqbal*, 556 U.S. at 678.

5

discretion lies with the district judge in deciding whether to appoint counsel pursuant to this provision." *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). When analyzing whether appointment of counsel is appropriate, the Court should undertake a two-step inquiry. *See Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 203 (2d Cir. 2003). First, the Court "'should . . . determine whether the indigent's position seems likely to be of substance.'" *Id.* (quoting *Hodge*, 802 F.2d at 61); *see also Johnston v. Maha*, 606 F.3d 39, 41 (2d Cir. 2010) ("This Court considers motions for appointment of counsel by asking first whether the claimant has met a threshold showing of some likelihood of merit." (internal quotation marks omitted)). In other words, the claim must not be so "highly dubious" that the plaintiff appears to have no chance of success. *Hodge*, 802 F.2d at 60 (internal quotation marks omitted). In making this determination, the Court construes pleadings drafted by pro se litigants liberally, and interprets them to raise the strongest arguments that they suggest. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *Sommersett v. City of New York*, 679 F. Supp. 2d 468, 472 (S.D.N.Y. 2010). If the "likelihood of merit" requirement is met, the Court should proceed to consider other prudential factors such as Plaintiff's

> ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented [to the fact finder], the indigent's ability to present the case, the complexity of the legal issues and any special reason . . . why appointment of counsel would be more likely to lead to a just determination.

*Ferrelli*, 323 F.3d at 203–04 (quoting *Hodge*, 802 F.2d at 61–62); *see also Garcia v. USICE (Dep't of Homeland Sec.)*, 669 F.3d 91, 98–99 (2d Cir. 2011) (listing *Hodge* factors).

At this stage of the proceedings, Plaintiff's request fails both steps of the analysis. With respect to the first step, Plaintiff has failed to establish likelihood of merit for similar reasons to those for which Plaintiff's request for a preliminary injunction was rejected. *See supra* Section C.

6

And with respect to the second, Plaintiff has not provided the Court with information to demonstrate undue difficulty pursuing his case without the assistance of counsel. While Plaintiff argues that "the issues are numerous and very complicated which are difficult for non-lawyers to understand and litigate effectively," (Dkt. No. 4,) he does not explain what makes his case particularly complicated or why he believes the issues to be "numerous." Indeed, Plaintiff's claims do not appear to be "so complex or unique that a person of Plaintiff's intelligence would be unable to handle them at this stage." *Mena v. City of N.Y.*, No. 12-CV-28, 2013 WL 1165554, at *2 (S.D.N.Y. Mar. 19, 2013). Plaintiff's claim is largely based on events of which he had first-hand knowledge, and therefore "do[es] not appear to require outside investigation." *Person v. Ercole*, No. 08-CV-7532, 2009 WL 855758, at *2 (S.D.N.Y. Mar. 26, 2009). While Plaintiff may eventually need to cross-examine witnesses should the case proceed to trial, "this factor, alone, is not sufficient to warrant appointing counsel," especially at this early stage. *Worthy v. City of N.Y. Parks & Recreation*, No. 10-CV-6368, 2011 WL 1044242, at *2 (S.D.N.Y. Feb. 28, 2011). Accordingly, Plaintiff's request for counsel (ECF No. 4) is denied without prejudice to renewal at a later date.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Clerk of Court is further directed to issue summonses, complete the USM-285 forms with the addresses for J.P. Franco, Correction Officer; Salvatore P. Gregory, Correction Officer; D. Rodriguez, Correction Officer; B. Bodge, Correction Lieutenant; S.A. Coughlin, Correction Lieutenant; R. Williams, Correction Lieutenant; Michael Barnes, Correction Captain/Acting Deputy Superintendent of Security; Michael Capra, Superintendent; Mark Royce, Former

7

Deputy Superintendent of Security, Quandera Quick, Inmate Grievance Program Supervisor; Shelley Mallozzi, Inmate Grievance Program Director; and Rebecca A. Loren, Inmate Grievance Program Coordinator, and deliver all documents necessary to effect service to the U.S. Marshals Service.

Plaintiff's request for preliminary injunctive relief (ECF No. 5) is denied without prejudice to renewal at a later date. Plaintiff's request for counsel (ECF No. 4) is denied without prejudice to renewal at a later date.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: 12/5/19
White Plains, New York

KENNETH M. KARAS
United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

1. J.P. Franco, Correction Officer
   Sing Sing Correctional Facility
   354 Hunter Street
   Ossining, New York 10562

2. Salvatore P. Gregory, Correction Officer
   Sing Sing Correctional Facility
   354 Hunter Street
   Ossining, New York 10562

3. D. Rodriguez, Correction Officer
   Sing Sing Correctional Facility
   354 Hunter Street
   Ossining, New York 10562

4. B. Bodge, Correction Lieutenant
   Sing Sing Correctional Facility
   354 Hunter Street
   Ossining, New York 10562

5. S.A. Coughlin, Correction Lieutenant
   Sing Sing Correctional Facility
   354 Hunter Street
   Ossining, New York 10562

6. R. Williams, Correction Lieutenant
   Sing Sing Correctional Facility
   354 Hunter Street
   Ossining, New York 10562

7. Michael Barnes, Correction Captain/Acting Deputy Superintendent of Security
   Sing Sing Correctional Facility
   354 Hunter Street
   Ossining, New York 10562

8. Michael Capra, Superintendent
   Sing Sing Correctional Facility
   354 Hunter Street
   Ossining, New York 10562

9. Mark Royce, Former Deputy Superintendent of Security
   Sing Sing Correctional Facility
   354 Hunter Street
   Ossining, New York 10562

10. Quandera Quick, Inmate Grievance Program Supervisor
    Sing Sing Correctional Facility
    354 Hunter Street
    Ossining, New York 10562

11. Shelley Mallozzi, Inmate Grievance Program Director
    New York State Department of Corrections & Community Supervision
    1220 Washington Avenue
    Albany, New York 12226

12. Rebecca A. Loren, Inmate Grievance Program Coordinator
    New York State Department of Corrections & Community Supervision
    1220 Washington Avenue
    Albany, New York 12226