UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TYHEEM Y. KEESH,

                        Plaintiff,

-against-

QUANDERA QUICK, et al.,

                        Defendants.

ORDER DENYING REQUEST FOR PRO BONO COUNSEL

19-CV-08942 (PMH)

PHILIP M. HALPERN, United States District Judge:

    The Court is in receipt of *pro se* Plaintiff's request for the appointment of *pro bono* counsel. (Doc. 39). For the following reasons, Plaintiff's application is denied.

    Unlike in criminal proceedings, in civil cases, the Court does not have the power to obligate attorneys to represent indigent *pro se* litigants in civil cases. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301–310 (1989). Instead, pursuant to 28 U.S.C. § 1915(e)(l), the Court may, at its discretion, order that the *Pro Se* Office request an attorney to represent an indigent litigant by placing the matter on a list circulated to attorneys who are members of the Court's *pro bono* panel. *See Palacio v. City of New York,* 489 F. Supp. 2d 335, 344 (S.D.N.Y. 2007). The Second Circuit set forth the standards governing the appointment of counsel in *pro se* cases in *Hendricks v. Coughlin,* 114 F.3d 390, 392 (2d Cir. 1997), *Cooper v. A. Sargenti Co.,* 877 F.2d 170, 172 (2d Cir. 1989), and *Hodge v. Police Officers,* 802 F.2d 58, 60-62 (2d Cir. 1986). These cases direct the district courts to "first determine whether the indigent's position seems likely to be of substance," *Hodge,* 802 F.2d at 61, and then, if this threshold is met, to consider the complexity of the legal issues, and the need for expertly conducted cross-examination to test veracity." *Cooper,* 877 F.2d at 172; *accord Hendricks,* 114 F.3d at 392 (quoting *Hodge,* 802 F.2d at 61-62). "Even where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are

extremely slim," and the Court should determine whether the *pro se* litigant's "position seems likely to be of substance," or shows "some chance of success." *Hodge,* 802 F.2d at 60-61.

In his application, Plaintiff notes that he lacks legal knowledge, that the case is complicated and that he seeks discovery from defendants. However, this action is still in its early stages. Defendants have indicated their intention to move to dismiss but have not yet filed any such motions nor answered the complaint. At this early stage in the proceedings, there is no indication that Plaintiff's position seems likely to be of substance or that there are particularly complex issues requiring the appointment of *pro bono* counsel. The Court is also unable to determine that Plaintiff is unable to handle this case without assistance, although this conclusion may change as the action continues. Therefore, because the Court does not find any circumstances which warrant the appointment of *pro bono* counsel at this time, Plaintiffs application must be DENIED without prejudice to renew it at a later stage in the proceedings.

For the foregoing reasons, Plaintiff's Application for the Court to Request Counsel is denied. Denial of Plaintiff's request is without prejudice to Plaintiff's renewed application later in the case. The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

Counsel for Defendants is instructed to deliver a copy of this Order to Plaintiff. The Clerk is instructed to terminate the application (Doc. 39).

SO ORDERED.

Dated:  New York, New York
        May 7, 2020

                                      Philip M. Halpern
                                      United States District Judge