ONE MANHATTAN WEST
45TH FLOOR
NEW YORK, NY 10001

———
(212) 735-⬛

EMAIL ADDRESS
MIKAL.DAVIS-WEST@PROBONOLAW.COM

> Application granted. The unredacted version of plaintiff's letter will be docketed under seal (Doc. 171) and the redacted version will remain the publicly-filed version (Doc. 172).
>
> SO ORDERED.
>
> *(signature)*
>
> Philip M. Halpern
> United States District Judge
>
> Dated:  White Plains, New York
>             June 26, 2023

June 26,

**BY ECF**
Honorable Philip M. Halpern
United States District Court for the
Southern District of New York
300 Quarropas Street, Room 520
White Plains, NY 10601

RE:   *Keesh v. Franco*, No. 19-CV-08942 (PMH)

Dear Judge Halpern:

Pursuant to Rule 5(B) of Your Honor's Individual Practices in Civil Cases, we write on behalf of Plaintiff Tyheem Keesh to request leave to file a redacted version of his letter motion seeking adjournment of the current trial schedule, a copy of which is being filed contemporaneously herewith.  The basis for the letter motion is Mr. Keesh's medical treatment—a topic that the Court has recognized should be treated with caution.  Defendant does not oppose this request.

Although a general presumption exists in favor of public access to judicial documents, *see Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (citation omitted), a plaintiff "maintains significant privacy rights in [his] medical information." *Jin v. Choi*, No. 1:20-cv-09129 (MKV) (SDA), 2021 WL 3159808, at *1 (S.D.N.Y. Jun. 17, 2021) (citation omitted); *see also Robinson v. De Niro*, No. 19-CV-9156 (LJL) (KHP), 2022 WL 2712827, at *2 (S.D.N.Y. July 13, 2022) (an individual's significant privacy interest in his medical information "provides a compelling countervailing interest in favor of sealing").

Hon Philip M. Halpern
June 26, 2023
Page 2

Accordingly, courts in this Circuit regularly grant applications to file personal medical information under seal.  *See, e.g., Robinson*, 2022 WL 274677, at *4 (finding "good cause to seal . . . portions of the deposition transcript to the extent the deposition discusses medical-related issues"); *see also, e.g., Valentini v. Grp. Health Inc.*, No. 20-CV-9526 (JPC), 2020 WL 7646892, at *2 (S.D.N.Y. Dec. 23, 2020) (courts "regularly seal" medical records); *United States. v. Wexler*, No. 02 Cr. 122 (JGK) 2010 WL 23290, at *1 (S.D.N.Y. Jan. 5, 2010) (*sua sponte* sealing letter filed by incarcerated defendant "because it include[d] confidential medical information").  This is particularly true where, as here, the information to be sealed is not relevant to the claims or defenses at issue.  *See, e.g.*, *Braxton v. City of New York*, No. 17 Civ. 199 (GBD) (SDA), 2021 WL 7287625, at *6-7 (S.D.N.Y. Dec. 7, 2021), *report and recommendation adopted*, 2022 WL 443816 (S.D.N.Y. Feb. 14, 2022).

Thus, because the proposed redactions would protect from disclosure sensitive medical information that has no bearing on the claims or defenses in this case, we respectfully request that the Court grant Mr. Keesh leave to file a redacted version of his letter motion for adjournment.  Pursuant to Rule 5(B) of Your Honor's Individual Practices in Civil Cases and Section 6.5(a) of the Southern District of New York's Electronic Case Filing Rules & Instructions, we will file an unredacted copy of the letter under seal with a "Selected Parties" Viewing Level.

    Respectfully submitted,

    */s/ Mikal Davis-West*_____

    Mikal Davis-West

cc:    All counsel of record (via ECF)